UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

In re:                                                                                    Case No. 16-25541-RAM

MASSA FALIDA DE MAPPIN LOJAS DE                          Chapter 15
DEPARTAMENTO S.A., *et al*.,                                          (Jointly Administered)

      Debtors in a Foreign Proceeding.
_____/

**RESPONSE IN OPPOSITION TO FOREIGN REPRESENTATIVE'S: (I) MOTION FOR ORDER GRANTING RECOGNITION OF DEBTORS' BRAZILIAN PROCEEDINGS (ECF NO. 3); AND (II) EMERGENCY MOTION FOR ENTRY OF AN (A) *EX PARTE* TEMPORARY RESTRAINING ORDER AND PROVISIONAL RELIEF AND (B) ORDER GRANTING PRELIMINARY INJUNCTION (ECF NO. 3)[1]**

      Ricardo Mansur, Roberta De Menezes e Arruda, Florida Royal Distributions, LLC, Society Retail & Auction, LLC, King Royal Properties, LLC, and Unico Asphalt, LLC, (collectively, the "Defendants") by and through undersigned counsel, hereby file their *Response in Opposition to Foreign Representative's: (I) Motion for Order Granting Recognition of Debtors' Brazilian Proceedings (ECF No. 3); and (II) Emergency Motion for Entry of an (A) Ex Parte Temporary Restraining Order and Provisional Relief and (B) Order Granting Preliminary Injunction (ECF No. 3)*[2] (the "Response in Opposition"). In support hereof, the Defendants state as follows:

## INTRODUCTION

      Recognition of the Verified Petition is manifestly contrary to the public policy of the United States. The *ex parte* Veil Piercing Order lacks the fundamental due process safeguards established under the Bankruptcy Code - Mr. Mansur was never afforded an opportunity to present either argument or evidence and no specific findings of wrongdoing were identified by

---
[1] Adversary Case No. 16-01626.
[2] *Id.*

{40186842;1}                                                      1

the Brazilian Court. Indeed, Brazil itself has tacitly acknowledged the historical lack of due process afforded members, officers or the company during an *ex parte* process of disregarding a legal entity, and has enacted a new Brazilian Civil Procedure Code to protect the Brazilian constitutional guarantee known as "contraditório e ampla defesa" (adversary system and full defense). Comity also requires the post-recognition relief sought be denied, as the relief sought exceeds the scope of the authorization afforded to Mr. Braga by the Brazilian Court. Further, even assuming, *arguendo*, that Mr. Braga was authorized to seek such relief, as more fully detailed herein, the post-recognition relief sought is premature.

## PROCEDURAL BACKGROUND

On November 20, 2016, Afonso Henrique Alves Braga ("Braga"), the purported Foreign Representative of Massa Falida de Mappin Lojas de Departamento S.A., Mappin Telecomunicacoes Ltda. and Casa Anglo Brasileira S.A. (the "Debtors"), initiated this proceeding with the filing of his *Verified Petition for Recognition of Debtor's Brazilian Proceeding Pursuant to 11 U.S.C. §§ 1515 and 1517* (the "Petition for Recognition") (ECF No. 1) together with his *Motion for Order Granting Recognition of Debtors' Brazilian Proceedings* (ECF No. 3) ("Motion for Recognition").

Immediately thereafter, Braga commenced an adversary proceeding (Case No. 16-01626) against the Defendants with the filing of a verified complaint (the "Adversary").

Shortly thereafter, on November 21, 2016, Braga filed his *Emergency Motion for Entry of an (A) Ex Parte Temporary Restraining Order and Provisional Relief and (B) Order Granting Preliminary Injunction* (Adversary, ECF No. 3) (the "TRO and Injunction Motion"). The Court considered the TRO and Injunction Motion and entered the *Temporary Restraining Order (A) Granting Emergency Injunctive and Provisional Relief and (B) Scheduling Hearing on Request*

*for Preliminary Injunction* (Adversary, ECF No. 6) (the "Temporary Restraining Order") the same day.

The Temporary Restraining Order scheduled a hearing on December 5, 2016 at 2:00 p.m. (the "Preliminary Injunction Hearing"), to consider the relief requested in the TRO and Injunction Motion not already granted, and extension of the temporary relief granted by the Temporary Restraining Order until such time as the Petition for Recognition was heard and determined.

Specifically, the Court is to consider the following additional injunctive relief: (i) directing Defendants to provide an accounting of "Mansur Assets" in their possession, custody or control and turnover to Braga any and all documents, records, filings, or other information concerning Mansur's assets, affairs, rights, obligations, or liabilities; and (ii) entrusting to Braga the administration and realization of "Mansur Assets" in the United States that by their nature or because of their circumstances, are susceptible to quick and/or discrete removal from the territorial jurisdiction of the United States including, without limitation, any motor vehicle and bank, brokerage, or other account held in the name of Mansur or any of the Florida LLCs pending entry of an order recognizing and enforcing the Veil Piercing Order.

The Court subsequently entered an order extending the Temporary Restraining Order and setting the Preliminary Injunction Hearing for December 14, 2016, at 10:00 a.m. together with the hearing on the Motion for Recognition.

**OPPOSITION TO THE RECOGNITION OF THE
VERIFIED PETITION AND INJUNCTIVE RELIEF**

I. **Enforcement of the Veil Piercing Order is manifestly contrary to the public policy of the United States.**

On August 6, 2011, the Brazilian Court entered an *ex parte* order that purportedly pierced the corporate veil of the Debtors, extended the bankruptcy to Mr. Mansur, and made Mr. Mansur and his assets personally liable for the debts of the Debtors (the "Veil Piercing Order").[3] It is the Defendants' position that recognition and enforcement of the Veil Piercing Order would be manifestly contrary to the public policy of the United States pursuant to 11 U.S.C. § 1506.[4]

To determine whether efforts by a foreign trustee are manifestly contrary to U.S. public policy courts consider "(1) whether the foreign proceeding was procedurally unfair; and (2) whether the application of foreign law or the recognition of foreign main proceeding under Chapter 15 would severely hinder United States bankruptcy court abilities to carry out ... the most fundamental policies and purposes of these rights." *In re British Isle of Venice (BVI), Ltd.*, 441 B.R. 713, 717 (Bankr.S.D.Fla. 2010) (internal citations omitted).

Recognition of an *ex parte* order entered in a Brazilian bankruptcy case is not an issue of first impression before this Court. In *In re Petroforte Brasileiro de Petroleo Ltda.* 542 B.R. 899, 907 (Bankr. S.D. Fla. 2015), this Court was asked to enforce a Brazilian *ex parte* order entered in a foreign insolvency proceeding, which consolidated the bankruptcy estate of several affiliated companies. In considering whether the Brazilian *ex parte* order was manifestly contrary to the public policy of the United States, this Court found that the parties' due process rights were not violated, because the parties "were allowed to present both argument and evidence," which were

---

[3] *See* Exhibit A to the *Declaration of Foreign Representative and Statement Pursuant to 11 U.S.C. § 1515(c) and Fed. R. Bankr. P. 1007(a)(4)(B)* (the "Braga Declaration").

[4] Section 1506 provides that recognition or other relief may be denied under Chapter 15 "if the action would be manifestly contrary to the public policy of the United States." 11 U.S.C. § 1506.

{40186842;1}                                    4

considered on appeal. *Id.* at 907. The Court also observed that after considering such "evidence and argument, the Brazilian appellate courts made specific findings of wrongdoing." *Id.* This is simply not the case here as relief was granted on an *ex parte* basis, and, as no appeal was forthcoming, Mr. Mansur was never afforded an opportunity to present both argument and evidence. Also, no orders detailing any specific findings of wrongdoing have been presented to this Court.

The Veil Piercing Order was issued on an *ex parte* basis in Brazil in the Debtors' bankruptcy proceedings, and was entered subsequent to Brazilian Central Bank Communication No. 006663, dated March 23, 1999, issued by the Brazilian Central Bank and declaring the insolvency of Bank Crefisul S.A., an entity purportedly controlled by Mr. Mansur. As a consequence of Brazilian Central Bank Communication No. 006663, the entirety of Mr. Mansur's personal assets were frozen as of March 23, 1999[5], well in advance of the Veil Piercing Order. The Veil Piercing Order was determined by an interlocutory decision, without Mr. Mansur having the opportunity to defend himself or present any defenses to allegations of wrongdoing. The Brazilian Court decision was supported only by circumstantial evidence, including media coverage, and was issued without the due process rights to which Mr. Mansur would be entitled under United States law.

Mr. Mansur did not appeal the Veil Piercing Order, as his personal assets were already frozen due to Brazilian Central Bank Communication No. 006663. However, Mr. Mansur did file an interlocutory appeal regarding the freezing of his shares in companies not specifically enumerated in the Veil Piercing Order (the "November 24, 2015 Order"). On June 17, 2016, the São Paulo Court of Appeals dismissed the interlocutory appeal of the November 24, 2015

---

[5] According to the Brazilian Law No. 6024/1974 the bank's insolvency will be conducted by the Brazilian Central Bank.

Order (the "June 17, 2016 Appellate Order").[6]  *See* Exhibit C of the Braga Declaration.  In the June 17, 2016 Appellate Order the São Paulo Court of Appeals justified the **freezing (not seizure)** of shares held by Mr. Mansur, acknowledging that:

> *Finally, it should be stressed that in the current procedural period, we are facing <u>circumstantial evidence</u>[7] of asset disorder and misuse of enterprises belonging to Ricardo Mansur or people linked to it. These facts, and all evidence must still be duly proven beforehand; in the future, we can decide about the appropriateness, or not, of the disregard of the juridical personalities of the aforementioned legal entities.*

*See* Exhibit C of the Braga Declaration.  In other words, the São Paulo Court of Appeals itself acknowledged that all facts and evidence must still be duly proven before the Veil Piercing Order can be given effect, and made no specific findings of wrongdoing as to Mr. Mansur.

Finally, ordering the seizure of assets of a company's members without providing the member an opportunity to present a prior defense including evidence, represents a violation of the Brazilian constitutional guarantee known as "contraditório e ampla defesa" (adversary system and full defense). Of note, the new Brazilian Civil Procedure Code (Law no. 13.105/2015) (the "new CPC") enacted on March 16, 2015, created an ancillary proceeding for the application of the disregard of the legal entity, ruled by articles 133 to 137 of the new CPC, to specifically address such due process concerns.  The modifications were enacted to resolve problems arising from Brazil's prior *ex parte* process of disregarding a legal entity.  In such situations, under the new CPC, the members, officers or the company will be given the opportunity to defend themselves and to request the production of evidences within 15 days from the date of summons. Once all the evidence is produced, the judge shall render a decision regarding the piercing of corporate veil.  This decision may eventually be challenged by means of an interlocutory appeal

---

[6] The June 17, 2016 Appellate Order is on "special appeal" to the Brazilian Superior Court of Justice.  The special appeal was repealed on November 21, 2016, but this decision is still pending publication in the federal register.
[7] The term "indícios", translated as "circumstantial evidence" by the certified translation was underlined in the decision issued.

{40186842;1}  6

and reviewed by the Court of Appeals. Such procedural protections were put in place to protect the constitutional rights of the company's members and to prevent a situation such as that surrounding the entry of the Veil Piercing Order.

The *ex parte* entry of the Veil Piercing Order against Mr. Mansur fails to meet the fundamental standards of fairness in the United States. Mr. Mansur was not afforded an opportunity to submit argument and evidence to the Brazilian Court, and no orders detailing any specific findings of wrongdoing have been presented to this Court. Brazil itself has acknowledged the lack of due process afforded members, officers or the company during an *ex parte* process of disregarding a legal entity, and has enacted the new CPC to protect the Brazilian constitutional guarantee known as "contraditório e ampla defesa" (adversary system and full defense). It is this Brazilian constitutional guarantee that best mirrors the United States constitutional right of due process. Accordingly, the Veil Piercing Order should not be recognized.

## II.     Braga has failed to establish that the Debtors have sufficient property present in the United States to form the basis for jurisdiction.

11 U.S.C. § 109(a) applies to a debtor under Chapter 15. *See In re Barnet*, 737 F.3d 238, 247 (2d Cir. 2013). Section 109(a) provides: "Notwithstanding any other provision of this section, only a person that resides or has a domicile, a place of business, or property in the United States, or a municipality, may be a debtor under this title." Section 103(a) of Title 11 provides that, other than for an exception not relevant here, Chapter 1 of Title 11 applies in a case under Chapter 15. Section 109 is within Chapter 1 of Title 11 and so, by the plain terms of the statute, it applies in a case under Chapter 15. Where a foreign debtor does not have a domicile or place of business in the United States, the "focus shifts to whether the debtor has sufficient property present in the United States to form the basis for jurisdiction." *In re*

*Inversora Eléctrica de Buenos Aires S.A.*, 63 Bankr. Ct. Dec. 109 (Bankr. S.D.N.Y. 2016). Absent recognition of the Veil Piercing Order, Mr. Braga has failed to establish that the Debtors have sufficient property present in the United States to form the basis for jurisdiction.[8]

### III. Braga lacks the authority to engage in the proposed collection and distribution of property, and such post-recognition relief is premature.

Braga seeks entry of an Order entrusting to him the "administration or realization of all or part of the debtor's assets" in the United States pursuant to 11 U.S.C. § 1521(a)(5), the right of "distribution of all or part of the debtor's assets located in the United States" pursuant to 11 U.S.C. § 1521(b). Such relief is requested in the (i) Motion for Recognition; (ii) TRO and Injunction Motion; and (iii) the verified complaint. While recognition of the foreign proceeding turns on the objective criteria under § 1517, "relief [post-recognition] is largely discretionary and turns on subjective factors that embody principles of comity." *In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*, 389 B.R. 325, 333 (S.D.N.Y.2008) (citing §§ 1507, 1521, and 1525). Comity requires such post-recognition relief be denied.

The post-recognition relief sought exceeds the scope of the authorization afforded to Braga by the Brazilian Court, which only permits the investigation and freezing of Mansur's Assets. *See* Braga Declaration, *generally*. In fact, Florida Royal Distributions, LLC, Society Retail & Auction, LLC, King Royal Properties, LLC, and Unico Asphalt, LLC, were not included in the Veil Piercing Order nor the June 17 2016 Appellate Order. Further, the now final June 17, 2016 Appellate Order makes clear that it is only Mansur's shares in such companies that are subject to *freezing*, pending further consideration by the Brazilian Court of the appropriateness, or not, of the disregard of the identities of the companies. At best, Braga is

---

[8] With respect to recognition proceedings under Chapter 15 of the Bankruptcy Code, "the ultimate burden as to each element is on the foreign representative." H.R.Rep. No. 109–31, pt. 1, at 112–13 (2005), U.S.Code Cong. & Admin.News 2005, pp. 88, 175.

only entitled to *freeze* Mansur's membership interests in the Florida LLCs, pending further investigation.

Moreover, the exercise of discretion is also circumscribed by the Bankruptcy Code. Section 1522(a) provides that the court may only grant discretionary relief under § 1521 if the interests of debtors, creditors, and other interested parties are sufficiently protected. 11 U.S.C. § 1522. Section 1522(b) provides that the court may impose conditions on discretionary relief, such as the posting of security or a bond. 11 U.S.C. § 1522(b); *see also In re Tri-Continental Exchange Ltd.*, 349 B.R. 627, 636 (Bankr.E.D.Cal. 2006).  Put simply, Braga has failed to provide the Court with sufficient information to identify what, if any, Debtors' assets would be subject to administration, realization, and distribution post-recognition.  Given the absence of such information, the Court is unable to consider at this time what conditions should be imposed on the post-recognition discretionary relief sought in order to afford the necessary protection. Accordingly, the proposed post-recognition relief sought is premature.

## CONCLUSION

For all of the foregoing reasons, the Defendants request entry of an Order denying the Motion for Recognition as well as the TRO and Injunction Motion, and any such further and other relief as the Court deems just and proper.

Dated:  December 9, 2016

Respectfully submitted,

By:  */s/ Andrea S. Hartley, Esq.*
Andrea S. Hartley, Esq.
Florida Bar No. 864234
andrea.hartley@akerman.com
**AKERMAN LLP**
Three Brickell City Centre
98 Southeast Seventh Street, Suite 1100
Miami, Florida 33131
Telephone:  305-374-5600
Fax:  305-374-5095

and

Catherine E. Douglas, Esq.
Florida Bar Number:  0085843
catherine.douglas@akerman.com
**AKERMAN LLP**
Las Olas Centre II, Suite 1600
350 East Las Olas Boulevard
Fort Lauderdale, FL  33301-2999
Telephone:  (954) 463-2700
Fax:  (954) 463-2224

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 9, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case as listed in the below Service List.

By: /s/ Andrea S. Hartley, Esq.
Andrea S. Hartley, Esq.

**SERVICE LIST**

**16-25541-RAM Notice will be electronically mailed to:**

John D Couriel on behalf of Debtor Casa Anglo Brasileira S.A.
john.couriel@kobrekim.com

John D Couriel on behalf of Debtor Mappin Telecomunicacoes Ltda.
john.couriel@kobrekim.com

John D Couriel on behalf of Debtor Massa Falida de Mappin Lojas de Departamento, S.A.
john.couriel@kobrekim.com

John D Couriel on behalf of Interested Party Casa Anglo Brasileira S.A.
john.couriel@kobrekim.com

John D Couriel on behalf of Interested Party Mappin Telecomunicoes Ltda.
john.couriel@kobrekim.com

John D Couriel on behalf of Plaintiff Afonso Henrique Alves Braga
john.couriel@kobrekim.com

Catherine E Douglas on behalf of Defendant Florida Royal Distributions, LLC
catherine.douglas@akerman.com, jeanette.martinez@akerman.com

Catherine E Douglas on behalf of Defendant King Royal Properties, LLC
catherine.douglas@akerman.com, jeanette.martinez@akerman.com

Catherine E Douglas on behalf of Defendant Society Retail & Auction, LLC
catherine.douglas@akerman.com, jeanette.martinez@akerman.com

Catherine E Douglas on behalf of Defendant Unico Asphalt, LLC
catherine.douglas@akerman.com, jeanette.martinez@akerman.com

Catherine E Douglas on behalf of Defendant Ricardo Mansur
catherine.douglas@akerman.com, jeanette.martinez@akerman.com

Catherine E Douglas on behalf of Defendant Roberta De Menezes e Arruda
catherine.douglas@akerman.com, jeanette.martinez@akerman.com

Andrea S. Hartley on behalf of Defendant Florida Royal Distributions, LLC
andrea.hartley@akerman.com

Andrea S. Hartley on behalf of Defendant King Royal Properties, LLC
andrea.hartley@akerman.com

Andrea S. Hartley on behalf of Defendant Society Retail & Auction, LLC
andrea.hartley@akerman.com

Andrea S. Hartley on behalf of Defendant Unico Asphalt, LLC
andrea.hartley@akerman.com

Andrea S. Hartley on behalf of Defendant Ricardo Mansur
andrea.hartley@akerman.com

Andrea S. Hartley on behalf of Defendant Roberta De Menezes e Arruda
andrea.hartley@akerman.com

Andrea S. Hartley on behalf of Interested Party Florida Royal Distributions, LLC
andrea.hartley@akerman.com

Andrea S. Hartley on behalf of Interested Party King Royal Properties, LLC
andrea.hartley@akerman.com

Andrea S. Hartley on behalf of Interested Party Society Retail & Auction, LLC
andrea.hartley@akerman.com

Andrea S. Hartley on behalf of Interested Party Unico Asphalt, LLC
andrea.hartley@akerman.com

Andrea S. Hartley on behalf of Interested Party Ricardo Mansur
andrea.hartley@akerman.com

Andrea S. Hartley on behalf of Interested Party Roberta De Menezes e Arruda
andrea.hartley@akerman.com

Stephanie L Hauser on behalf of Debtor Massa Falida de Mappin Lojas de Departamento, S.A.
Stephanie.hauser@kobrekim.com

Stephanie L Hauser on behalf of Plaintiff Afonso Henrique Alves Braga
Stephanie.hauser@kobrekim.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov